An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

IN THE SUPREME COURT OF THE STATE OF NEVADA

ROLANDO PACHECO-GARCIA,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 62144

**FILED**

JUL 2 3 2013

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY _____
DEPUTY CLERK

*ORDER OF AFFIRMANCE*

This is an appeal from a judgment of conviction and an amended judgment of conviction, pursuant to a jury verdict, of burglary, home invasion, and battery which constitutes domestic battery. First Judicial District Court, Carson City; James Todd Russell, Judge.

Appellant argues that he was deprived of a fair trial due to a translation error that was discovered post-judgment. Appellant claims that the interpreter incorrectly translated his statements to counsel regarding a specific question he wanted asked of the landlord and that had the specific question been asked and the jury learned he had recently paid rent for the victim's apartment, he would likely not have been convicted of burglary. We outlined the procedures for challenging translation inaccuracies discovered post-judgment in *Ouanbengboune v. State*, 125 Nev. 763, 220 P.3d 1122 (2009). First, appellant must show that the translation was inaccurate and that the inaccuracy fundamentally altered the context of his statement. *Id.* at 772, 220 P.3d at 1128. Then, appellant must demonstrate prejudice sufficient to warrant a new trial. *Id.*

SUPREME COURT
OF
NEVADA

(O) 1947A

13-21557

Appellant argues that a translation inaccuracy caused counsel to ask the landlord if appellant had paid rent at the landlord's office instead of at the apartment, thereby denying him the opportunity to demonstrate that he had paid rent to the landlord. Even if an inaccuracy occurred,[1] appellant fails to demonstrate that the substance of his statements was fundamentally altered as counsel asked the landlord if appellant came to see him in order to pay rent and the landlord testified that the only one who paid any money for the rent was the victim

Having considered appellant's claim and concluded that relief is not warranted, we

ORDER the amended judgment of conviction AFFIRMED.

_____, J.
Hardesty

_____, J.
Parraguirre

_____, J.
Cherry

---

[1]We note that appellant has not demonstrated a translation inaccuracy as outlined in *Ouanbengboune* as he failed to submit a translation of his statements to counsel establishing the interpreter's error but merely asserts that there was a misinterpretation.

cc: Hon. James Todd Russell, District Judge
Kay Ellen Armstrong
Attorney General/Carson City
Carson City District Attorney
Carson City Clerk